[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-13906
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 14, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-20577-CV-CMA

JANE DOE (A.H.),

                                                        Plaintiff-Appellant,

                              versus

CARNIVAL CORP.,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 14, 2006)**

Before TJOFLAT, ANDERSON and CARNES, Circuit Judges.

PER CURIAM:

Jane Doe appeals the district court's grant of Carnival Corporation's motion

for summary judgment. On appeal, the only issue is whether or not Appellant's

complaint was time-barred.

Appellant alleges that she was sexually assaulted by a Carnival employee when she took a cruise as a seventeen year-old. Carnival presented evidence that it sends each ticket holder a contract upon purchase that contains a limitations period for the filing of suits based on personal injuries sustained aboard the ship. The limitations period on Appellant's ticket was for one year from the time she sustained the injury. Carnival's modified limitations period complied with federal admiralty law, which provides that the three-year limitations period can be contractually shortened to no shorter than a  year.  See 46 U.S.C. App. § 183b(a). In turn, this provision is limited by § 183b(c):

> If a person who is entitled to recover on any such claim is mentally incompetent or a minor, or if the action is one for wrongful death, any lawful limitation of time prescribed in such contract shall not be applicable so long as no legal representative has been appointed for such incompetent, minor, or decedent's estate, but shall be applicable from the date of the appointment of such legal representative: Provided, however, That such appointment be made within three years after the date of such death or injury.

46 U.S.C. App.  § 183b(c) (emphasis in original).

Appellant filed the instant action more than one year from the date of her injury; and, more significantly, more than one year from the date of her eighteenth birthday, when she reached the age of majority. Appellant does not argue that she,

2

or someone acting on her behalf, lacked notice of the one-year statute of limitations embodied in the ticket. Rather, she argues that the contract is not effective to bind her, because she was a minor at the time of execution of the contract and at the time of her injury. She argues that §183b(c) is a partial codification of the common law, which historically did not enforce contracts against minors. In effect, she argues that §183b(c) is not a tolling provision, but rather simply renders the contractual statute of limitations inoperative, therefore leaving the three-year federal admiralty law statute of limitations as the operative provision.

We reject appellant's construction of the statute. We look to the plain language of the statute. We conclude that it clearly does not incorporate the common law view that refused to recognize a contract with a person who was a minor at the time of execution. Contrary to the common law, it is clear that §183b(c) does recognize the validity of such a contract with a minor: it expressly recognizes the applicability of the statute of limitations embodied in such a contract from and after the time that a legal representative is appointed for the minor. Thus, it is clear that §183b(c) does not abrogate the contractually shortened statute of limitations, as urged by appellant, but rather simply tolls its operation until the appointment of the guardian.

Having concluded that §183b(c) is a tolling provision, we also conclude that it merely tolls the operation of the shortened statute of limitations during the time that the party is a minor. This construction of the statute is bolstered by the use of the present tense in the statute: "If a person . . . <u>is</u> . . . a minor . . . any lawful limitation of time prescribed in such contract shall not be applicable . . . ." (emphasis added). Thus, we conclude that §183b(c) tolled the operation of the contractually shortened statute of limitations until appellant reached the age of majority. Because appellant waited more than a year from that date, we conclude that the district court correctly held that the instant suit is barred by the statute of limitations.

Accordingly, the decision of the district court is affirmed.[1]

**AFFIRMED.**

---

[1] Appellant's request for oral argument is denied.